United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
David Labs  
Cheryl Labs  
    Debtors

Case No. 19-16191-jkf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: YvetteWD    Page 1 of 1    Date Rcvd: Jun 04, 2020  
    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 06, 2020.  
db/jdb    +David Labs,   Cheryl Labs,   207 Washington Court,   Quakertown, PA 18951-1422

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

    ***** BYPASSED RECIPIENTS *****  
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 06, 2020    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 4, 2020 at the address(es) listed below:  
    PAUL H. YOUNG   on behalf of Joint Debtor Cheryl  Labs support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com  
    PAUL H. YOUNG   on behalf of Debtor David  Labs support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com  
    REBECCA ANN SOLARZ   on behalf of Creditor   Metropolitan Life Insurance Company bkgroup@kmllawgroup.com  
    REBECCA ANN SOLARZ   on behalf of Creditor   Bayview Loan Servicing, LLC bkgroup@kmllawgroup.com  
    SCOTT F. WATERMAN (Chapter 13)   ECFMail@ReadingCh13.com  
    United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
    TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cheryl Labs<br>David Labs<br>　　　　　　Debtors | CHAPTER 13 |
| BAYVIEW LOAN SERVICING LLC AS SERVICER FOR METROPOLITAN LIFE INSURANCE COMPANY<br>　　　　　　Movant<br>vs. | NO. 19-16191 JKF |
| Cheryl Labs<br>David Labs<br>　　　　　　Debtors | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,933.55** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to May 2020 at $939.71/month |
| Suspense Balance: | $704.71 |
| **Total Post-Petition Arrears** | **$4,933.55** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,933.55.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,933.55** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due June 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $939.71 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 15, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 5/27/20

Paul H. Young, Esquire
Attorney for Debtors

Date: June 3, 2020

/s/ Polly A. Langdon, Esquire for
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 4th day of June, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. FitzSimon